FILED

2020 Nov-16  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) **CASE NO. 2:20-CR-313-MHH-JHE** |
| | ) |
| **JAMES CURTIS BRASHER** | ) |

## <u>PLEA AGREEMENT</u>

The Government and defendant hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Indictment filed in the above-captioned matter; (ii) consent to an order of forfeiture as described in paragraph XII ; and (iii) pay restitution in an amount to be determined by the Court, if applicable.   In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

Defendant's Initials _JB_

**TERMS OF THE AGREEMENT**

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) as charged in **COUNT ONE** is:

a. Imprisonment for not more than TWENTY years;

b. A fine of not more than $ 250,000.00;

c. Both (a and b);

d. Supervised release of not less than FIVE years and not more      than LIFE;

e. Special Assessment Fee of $100;

f. An additional mandatory assessment under 18 U.S.C. § 3014 of $5,000, if the defendant is non-indigent;

g. Registration as a sex offender under the Sex Offender Registration and Notification Act; and

h. Mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000 per victim.

Defendant's Initials _JB_

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

FBI SA Steve Ferguson reviewed information obtained from an electronic service provider ("the ESP") which was obtained pursuant to a federal search warrant through an undercover operation through Miami FBI field office who partnered with the Child Exploitation and Obscenity Section ("CEOS") and the United States Attorney's Office in the Southern District of Florida. The information obtained from the ESP contained records of IP addresses that had accessed or attempted to access certain Tor websites which were dedicated to the advertisement and distribution of child pornography (herein referenced as Website A and Website B).

According to the information obtained from the ESP pursuant to the search warrant, IP address 108.250.24.169 accessed or attempted to access Website A and Website B between the dates of April 13, 2018, and July 25, 2018.

SA Ferguson was able to determine that this IP address was operated by the Internet Service Provider ("ISP") AT&T and thereby subpoenaed that provider. The information received from AT&T revealed that IP address 108.250.24.169 was assigned to James Curtis Brasher (the "defendant") at XXX XXX Street, Warrior,

Defendant's Initials _JB_

Alabama 35180, on the dates and times when the IP address was observed connecting to Website A and Website B.

On June 6, 2019, a federal search warrant was obtained for the defendant's address and executed on June 17, 2019.  When agents arrived on the scene, the defendant answered the door and was advised of the reason FBI agents were at his residence.   The defendant agreed to speak with the agents.

The defendant stated that he does have AT&T internet WIFI access in his home that requires a password for access.   He stated that he lives with his wife and they have been married for 24 years with no children.   He stated that he had received training and is certified as a physical therapy assistant but hasn't worked in 10 years.

The defendant stated that he had issues with his internet router and that it was recently replaced.   He stated that he received the error "broadband unavailable" and it referenced someone trying to hack the router.   He stated that he uses the internet to view videos and shows on YouTube as well as funny videos, news, movies, etc. Although he admitted to accessing adult porn websites and admitted to having a previous addiction to adult porn, he denied using the Darknet or Tor network.

After speaking with the defendant, agents then went to interview the defendant's wife.   It was at that point that the defendant pulled SA Ferguson aside and admitted to accessing the Tor network and Websites A and B in or around April

Defendant's Initials J B

of 2018.   The defendant stated he did not want to put his wife through any unnecessary questioning.

The defendant explained how he had used the internet to access child pornography since 2017.   He stated that he did download the Tor application and downloaded child pornography.   He stated that he doesn't have a preference between male and female, although he prefers them to be older than 13 years of age. He admitted that he masturbated to the images and/or videos.

The defendant further admitted that he downloaded child pornography twice a week since April 2018 and had as recently as a couple of days ago.   He stated that he wiped his tablet using "CC Cleaner" and "Norton Cleaner" weekly.

Upon questioning the defendant about whether he had any other child pornography in his home, he retrieved a collection of SD cards hidden in a shoe-box located inside his bedroom closet.   In addition to the SD cards, there was a USB drive with downloads of child pornography from an old iPhone the defendant no longer had in his possession.   The defendant estimated that the agents would find thousands of files containing child pornography on the digital media.

A forensic examination of the digital devices located at the defendant's residence revealed over 58,000 image files of potential child pornography and child erotica.   The child pornography included images of children under the age of 12,

Defendant's Initials _JB_

images of sexual activity, and images of bondage.    One of the images is described as follows:

> This image depicts a male who is standing with his penis exposed. A partially clothed prepubescent female, which appears to be under the age of 8, is in a sitting position. Her right hand is wrapped around the male's penis. The head of the penis is inserted into the prepubescent female's mouth. Her underwear is pushed down around her knee with her vagina exposed to the camera.

The electronic devices were manufactured outside of Alabama.    Telephones and cellular telephones are instrumentalities of interstate commerce, even when they are used intrastate. *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007). The Internet is an instrumentality of interstate commerce. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

The defendant expressly admits that he knowingly possessed child pornography including images of children under the age of 12 years and that the images had been transported in interstate commerce.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

**JAMES CURTIS BRASHER**

Page **6** of **24**

Defendant's Initials *JB*

## III. **RECOMMENDED SENTENCE**

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

a) The Government will recommend a two level reduction (or three level reduction, if allowed by U.S.S.G. § 3E1.1(b)), in the defendant's adjusted offense level, based upon the defendant's apparent recognition and affirmative acceptance of personal responsibility for his criminal conduct. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, the government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty for any reason other than

Defendant's Initials _JB_

those expressly enumerated in the "Waiver of Right to Appeal and Post-conviction Relief" section of this plea agreement;

b) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

c) That following the said term of imprisonment, the defendant be placed on supervised release for a period of time as determined appropriate by this Court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special conditions:

a. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

b. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This

Defendant's Initials _JB_

includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

c. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

d. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay;

e. That the defendant shall initially register with the state sex offender registration agency in Alabama according to

Defendant's Initials J̲B̲

Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

f. That the defendant be prohibited from using any computer, or any other device, with Internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require

Defendant's Initials _JB_

temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

e) That the defendant be required to pay restitution in an amount to be determined by the Court;

f) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced, and an additional special assessment fee of $5,000 if he is non-indigent;

g) Should the Government learn that the defendant has sexually abused or assaulted any minor, or committed any other crime of

Defendant's Initials _JB_

violence or if any other victim should come forward prior to the defendant's sentencing, this agreement will be considered **NULL AND VOID.**

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>

**In consideration of the recommended disposition of this case, I, JAMES CURTIS BRASHER, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).**

**The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:**

      **(a)**    **Any sentence imposed in excess of the applicable statutory maximum sentence(s);**

Defendant's Initials _JB_

(b)     Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c)     Any claims of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.    The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, JAMES CURTIS BRASHER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____

JAMES CURTIS BRASHER

## V. <u>UNITED STATES SENTENCING GUIDELINES</u>

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature.    Sentencing is in the Court's discretion and is no

Defendant's Initials _____

longer required to be within the guideline range.    The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation.    Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID.    In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

Defendant's Initials JB

## VIII. <u>SUBSEQUENT CONDUCT</u>

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.**

## IX. <u>OTHER DISTRICTS AND JURISDICTIONS</u>

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. <u>COLLECTION OF FINANCIAL OBLIGATION</u>

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs.   The

Defendant's Initials _JB_

defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.  AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

Defendant's Initials

Defendant agrees that any restitution ordered by the Court under 18 U.S.C. § 2259 shall include the defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

## XII.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s)

Defendant's Initials J𝛽

to which defendant is pleading guilty.    Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.    The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest.   The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.

The defendant agrees to consent to the immediate entry of a final forfeiture judgment against him, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all property involved in or used in the commission of the offense in the Information including: one (1) SanDisk iXpand Flash Drive 3.0 Model: SDIX30; two (2) SanDisk Micro SD 32GB; three (3) SanDisk Ultra Plus Micro SD 32GB; one (1) SanDisk Ultra Plus Micro SD 64GB; three (3) SanDisk Ultra Plus Micro SD 16GB; one (1) Samsung tablet S/N: R32F600A5ED (IMEI: 352125/06/031629/5) Model SM-P907A; and

Defendant's Initials J B

one (1) AT&T SIM card displaying: 89014103277103369901. For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between the property listed above and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Federal Rules of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. The defendant acknowledges and understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any

Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this information and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

**Non-Abatement of Criminal Forfeiture:**

The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeit ability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.  To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

Defendant's Initials J/3

## XIII.   SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty the defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld.   The defendant understands that he shall keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.   The defendant shall comply with requirements to periodically verify in person his sex-offender registration information.   The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements.   If he resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt.   The defendant

Defendant's Initials JB

further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## XIV. <u>DEFENDANT'S UNDERSTANDING</u>

I have read and understand the provisions of this agreement consisting of **24 (twenty-four)** pages.  I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____

[if none, state "NONE" or "N/A"]

Page **22** of **24**

Defendant's Initials _JB_

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

_11/10/2020_
DATE

JAMES CURTIS BRASHER
Defendant

## XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.   My client has conveyed to me that my client understands this Agreement and consents to all its terms.   I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.   I concur in the entry of the plea on the terms and conditions set forth herein.

_11/16/2020_
DATE

ROGER APPELL
Defendant's Counsel

Page **23** of 24

Defendant's Initials JB

## XVI. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and

disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

11/16/2020
DATE

R. LEANN WHITE
Assistant United States Attorney

Defendant's Initials JB